## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| REALTY CONSULTANTS USA, | ) | CASE NO. 14-19585 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

### COVER SHEET FOR APPLICATION FOR SECOND AND FINAL PROFESSIONAL COMPENSATION

Name of Applicant: STEVEN R. RADTKE, Attorney for Trustee

Authorized to Provide Professional Service to: Steven R. Radtke, Trustee of the Estate of Realty Consultants USA

Date of Order Authorizing Employment: July 16, 2014

Period for Which Compensation is Sought: August 5, 2015 to closing of case

Amount of Fees Sought: $4,747.57

Amount of Expense Reimbursement Sought: $-0-

This is a(n):   Interim Application ____   Final Application  X

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 6/9/15 | 8/5/14-5/19/15 | $24,632.29 | $24,632.29 | |

The aggregated amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $24,632.29.

DATED:   8/17/17                By:  /s/ Steven R. Radtke
                                     STEVEN R. RADTKE

STEVEN R. RADTKE
79 West Monroe Street, Suite 1305
CHICAGO, IL 60603
(312) 346-1935
RealtyCvrShTrAttyFinalAppFee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 14-19585 |
| REALTY CONSULTANTS USA, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

**Second and Final Application for Allowance of Compensation
and Reimbursement of Costs to Trustee's Attorneys**

Steven R. Radtke and Chill, Chill & Radtke, P.C. ("Applicants"), pursuant to §330 of Title 11, United States Code, request this Court to enter an order allowing compensation and reimbursement of expenses to them as attorneys for the Trustee, and in support thereof, respectfully state as follows:

1. Debtor commenced this case on May 26, 2014 by filing a voluntary petition for relief under chapter 11 of title 11, United States Code.

2. On June 30, 2014 Steven R. Radtke was appointed as Chapter 11 Trustee.

3. On July 16, 2014, the Court entered an order authorizing the Trustee to retain Applicants as the Trustee's attorneys. A copy of said order is attached hereto as **Exhibit A.**

4. On August 5, 2014 the Court entered an Order converting the case to a case under chapter 7 of the bankruptcy code and Steven R. Radtke was reappointed. On August 26, 2014 the Court entered an order authorizing the Trustee to retain Applicants to continue to serve as the Trustee's attorneys for purposes of the Chapter 7 case. A copy of said order is attached hereto as **Exhibit B.**

5. This is Applicants' second and final application for allowance of compensation and reimbursement of expenses. Applicants were awarded interim fees in the amount of $24,262.50 and costs in the sum of $369.79 under 11 U.S.C. § 506(c) pursuant to Applicants' First Application for Allowance of Compensation and Reimbursement of Costs. All services rendered in the first application related to liquidating assets which were subject to the valid and perfected lien of MB Financial Bank, N.A.

6. This application covers non-506(c) services rendered from August 5, 2015, the conversion date, until the closing of the case.

7. The Trustee is holding the sum of $5,431.99 on deposit in his estate account. These are all of the assets remaining in the estate. The funds are not subject to any MB Financial Bank, N.A. security interest and they are not otherwise unencumbered.

8. Applicants have organized and categorized their time and costs in connection with the case, a copy of which is attached hereto as **Exhibit C**.

9. A general description of the time expended in the various categories is as follows:

(a) RECOVERY OF FRAUDULENT CONVEYANCE CLAIM: Time spent in this category relates to uncovering a claim for an alleged fraudulent conveyance that Debtor made to a former attorney in the amount of $8,000. Applicants negotiated a settlement that resolved the matter with the attorney without having to file an adversary complaint. Applicants prepared the necessary documentation to obtain an order approving a settlement of the claim for $6,000, and thereafter secured the collection of the settlement funds.

(b) MOTION FOR SANCTIONS: Applicants supported the Motion for Sanctions that the United States Trustee filed against the attorney that filed Debtor's bankruptcy petition. The Court granted the United States Trustee's motion, and the attorney turned over the monetary sanction in the amount of $700 to the case Trustee.

(c) CASE ADMINISTRATION: Time spent in this category includes time spent in assisting the Trustee in day-to-day legal issues related the administration of the Chapter 7 and to the Trustee's administration, including i) conferring with an auctioneer about liquidating debtor's assets, ii) when that proved to be cost prohibitive, obtaining an order of court authorizing the trustee to abandon the assets remaining on premises, and iii) working with an accountant who prepared the necessary documents and final tax returns to terminate Debtor's 401(k) Plan.

(d) TORTIOUS INTERFERENCE CLAIM: Debtor scheduled a cause of action against Integra Realty Resources ("IRR") of unknown value on its Schedule B. Upon investigation the Trustee determined that Debtor claimed that IRR directed clients away from the Debtor to IRR. Prior to filing its bankruptcy petition, Debtor consulted with attorneys who performed an analysis of Debtors records. They concluded that over a five year period several millions of dollars in appraisal fees from Debtor's clients were wrongfully diverted from Debtor.

2

If an action to recover those fees were successfully pursued, sufficient funds would be generated to pay the balance of the secured creditor's claim and the claims of unsecured creditors.

Time spent in this category included conferring with said attorneys concerning their evaluation of the merits of the prospective case, retaining said attorneys as special counsel on a contingent fee basis, overseeing preliminary discovery and settlement discussions conducted by special counsel, and evaluating certain defenses that special counsel uncovered as a result of those discussions. Based on their evaluation of the case, special counsel concluded that the prospective defendant had a meritorious defense, and that an applicable contract document had a fee shifting provision. Therefore, special counsel decided not to pursue the action, and no complaint was ever filed.

(d) TERMINATION OF 401K PLAN: Time spent in this category relates to retaining professionals to prepare the final tax returns for the Debtor's 401(k) plan and terminating the plan.

10. Applicants' time is allocated as follows:

| ACTIVITY | HOURS | COMPENSATION REQUESTED |
|---|---|---|
| Recovery of Fraudulent Conveyance: | 10.50 | $ 3,937.50 |
| Motion for Sanctions: | 3.80 | $ 1,425.00 |
| Case Administration: | 11.10 | $ 4,162.50 |
| Tortious Interference Claim: | 25.30 | $ 9,487.50 |
| Termination of 401K Plan: | 26.70 | $10,012.50 |
| TOTAL | 77.40 | $29,025.00 |

11. Although Applicants performed legal services for which they would normally request payment at their customary rate in the amount of $29,025.00, in the exercise of their reasonable billing judgment, Applicants voluntary reduce their request to $4,747.57.

WHEREFORE, the Trustee requests that the Court enter an Order as follows:

3

A. allowing the second and final request for allowance of compensation to Steven R. Radtke and the law firm of Chill, Chill & Radtke, P.C., attorneys for the Trustee, in the sum of $4,747.57 plus costs advanced in the sum of $0.00 for a total allowance of $4,747.57; and

B. Granting Applicants such other and further relief as the Court deems just.

Respectfully submitted,

By: /s/ Steven R. Radtke

Steven R. Radtke
CHILL, CHILL & RADTKE, P.C.
Attorneys for the Trustee
79 West Monroe Street, Suite 1305
CHICAGO IL 60603
(312)346-1935
RealtyAttyFeeFinal

4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 14-19585 |
| REALTY CONSULTANTS USA, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

**Affidavit Pursuant to Rule 2016**

State of Illinois   )
County of Cook   )

I, STEVEN R. RADTKE, being first duly sworn on oath, deposes and states as follows:

1. I am a principal in Chill, Chill & Radtke, P.C. and am authorized to execute this affidavit on behalf of Chill, Chill & Radtke, P.C.

2. I have read the Second and Final Application for Allowance of Compensation and Reimbursement of Costs to the Trustee's Attorneys ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have made no arrangements for a division of compensation received or to be received herein directly or indirectly nor does any understanding exist between myself or any other person, except that I am a principal at Chill, Chill & Radtke, P.C. a law firm at which I was employed during the pendency of this case.

4. Further Affiant sayeth not.

_____
Steven R. Radtke

Subscribed and sworn to
before me this ____ day
of _____, 2017

_____
Notary Public
RealtyAttyFeeFinal

OFFICIAL SEAL
PEGGY CURRAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/08/2?

5